A CERTIFIED TRUE COPY
ATTEST
By Dana Stewart on Dec 02, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FILED BY ____ D.C.

09 DEC -2 PM 3:31

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
M.D. OF ___

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dec 02, 2009

FILED
CLERK'S OFFICE

**IN RE: REGIONS MORGAN KEEGAN**
**SECURITIES, DERIVATIVE AND EMPLOYEE**
**RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION**

Jerry W. Cobb, etc. v. Regions Bank, et al., )
   M.D. Alabama, C.A. No. 1:09-764 )
Donald J. Schilleci, et al. v. Morgan Keegan & Co., )
   Inc., et al., N.D. Alabama, C.A. No. 2:09-1485 )

MDL No. 2009

## TRANSFER ORDER

**Before the entire Panel**: Plaintiffs in an action pending in the Northern District of Alabama and defendant Qualico Steel Co., Inc. (Qualico) in an action in the Middle District of Alabama (*Cobb*) have moved pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its orders conditionally transferring their respective actions to the Western District of Tennessee for inclusion in MDL No. 2009. Defendant Qualico alternatively requests that we separate and remand the claims against it to the Middle District of Alabama. Plaintiff in *Cobb* also moved to vacate the conditional transfer order but later withdrew his opposition. Regions Bank defendants[1] oppose both motions.

After considering all argument of counsel, we find that these actions involve common questions of fact with the actions in this litigation previously transferred to the Western District of Tennessee, and that transfer of both actions to the Western District of Tennessee for inclusion in MDL No. 2009 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Western District of Tennessee was a proper Section 1407 forum for actions brought by investors in various Morgan Keegan proprietary investment funds who allege that the funds experienced steep declines in value as a result of over concentration in (1) certain types of securities (such as mortgage-backed securities and asset-backed securities), and (2) thinly traded, illiquid and complex securities or securities for which there was no readily available market pricing. Specifically, the actions shared allegations regarding, *inter alia*, whether defendants mismanaged, misrepresented, and omitted material facts regarding the nature, value, risk profile and investment practices concerning one or more of the funds. *See In re Regions*

---

[1] Regions Financial Corp.; Regions Bank; Morgan Asset Management, Inc.; Morgan Keegan & Co., Inc. (Morgan Keegan); and MK Holdings, Inc.

CERTIFIED TRUE COPY
THOMAS M. GOULD, CLERK
BY *Earline Krayer*
DEPUTY CLERK

- 2 -

*Morgan Keegan Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*, 598 F.Supp.2d 1379 (J.P.M.L. 2009).

Movants argue against transfer that, *inter alia*, (1) the actions involve unique facts and are otherwise distinguishable from the previously centralized actions, and (2) transfer is inconvenient and costly. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. Both actions arise from similar factual allegations as those found in the previously centralized actions – i.e., that plaintiffs suffered steep losses on their (or their retirement funds') investments in various Morgan Keegan proprietary investment funds. Transfer under Section 1407 has the salutary effect of placing related actions before a single judge who can: (1) allow discovery with respect to any individual issues (such as issues pertaining specifically to the ERISA claims against Qualico) to proceed concurrently with pretrial proceedings on common issues, *In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004); and (2) ensure that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Should the circumstances regarding any action in MDL No. 2009 develop such that the transferee judge determines that continued inclusion of a claim or action no longer remains advisable, and, accordingly, the transferee court deems Section 1407 remand of any claim or action appropriate, the remand to the transferor court is available with a minimum of delay following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the Western District of Tennessee and, with the consent of that court, assigned to the Honorable Samuel H. Mays, Jr., for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.        Kathryn H. Vratil
David R. Hansen              W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.        David G. Trager